**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

CARLOS BRITO,

      Plaintiff,

v.

NEW ERA, INC. and JAF RESTAURANT
GROUP LLC d/b/a CHECKERS DRIVE IN
RESTAURANT,

      Defendants.

_____/

## COMPLAINT

    Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues NEW ERA, INC. and JAF RESTAURANT GROUP LLC d/b/a CHECKERS DRIVE IN RESTAURANT (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

    1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

    3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

    4.    Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

    5.    At all times material, Defendant, JAF RESTAURANT GROUP LLC d/b/a

CHECKERS DRIVE IN RESTAURANT, was and is a Florida Limited Liability Company, with its principal address listed as 2000 Palm Beach Lakes Boulevard, Suite 205, West Palm Beach, Florida.

6.      At all times material, Defendant, JAF RESTAURANT GROUP LLC d/b/a CHECKERS DRIVE IN RESTAURANT, owned and operated a restaurant business located at 5605 SW 137th Avenue, Miami, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7.      At all times material, Defendant, NEW ERA, INC., was and is a Florida Limited Liability Company, with its principal address listed as 4740 S.W. 80th Street, Miami, Florida.

8.      At all times material, Defendant, NEW ERA, INC., owned and operated a commercial property located at 5605 SW 137th Avenue, Miami, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

9.      Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

10.     Although over twenty-seven (27) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people

who are disabled in ways that block them from access and use of Defendant's businesses and properties.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

14.     Defendants, NEW ERA, INC. and JAF RESTAURANT GROUP LLC., own, operates and oversees the Commercial Property, its general parking lot and parking spots.

15.     The subject Commercial Property is open to the public and are located in Miami, Miami-Dade County, Florida.

16.     The individual Plaintiff visits the Commercial Property and restaurant business located within the Commercial Property, regularly, to include a visit to the Commercial Property and restaurant business located within the Commercial Property on or about May 14, 2019, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and the restaurant business located therein.   He often visits the Commercial Property and restaurant business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately four (4) miles from his residence, and is near his friends' residences as well as other businesses and restaurants he frequents as a patron.   He plans to return to the Commercial Property and the restaurant business located within the Commercial Property within thirty (30) days of the filing of this Complaint.

17.     Plaintiff is domiciled nearby in the same County and state as the Commercial Property and restaurant business located within the Commercial Property, has regularly frequented

the Defendant's Commercial Property and the restaurant business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other businesses that he frequents as a patron, and intends to return to the Commercial Property and restaurant business located within the Commercial Property within thirty (30) days from the filing of this Complaint.

18.     The Plaintiff found the Commercial Property, and the restaurant business located within the Commercial Property to be rife with ADA violations.   The Plaintiff encountered architectural barriers at the Commercial Property, and restaurant business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

19.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and restaurant business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the restaurant business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and restaurant business located within the Commercial Property, and have endangered his safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

20.     Defendants, NEW ERA, INC. and JAF RESTAURANT GROUP LLC, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendants, NEW ERA, INC. and JAF RESTAURANT GROUP LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, NEW ERA, INC. and JAF RESTAURANT GROUP LLC, owns and operates is the Commercial Property Business located at 5605 SW 137th Avenue, Miami, Florida.

21.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat

of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the restaurant business located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and restaurant business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and restaurant business located therein, not only to avail himself of the goods and services available at the Commercial Property, and restaurant business located within the Commercial Property, but to assure himself that the Commercial Property and restaurant business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and restaurant business located within the Commercial Property without fear of discrimination.

22.      While Defendant, NEW ERA, INC., as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Count I of this Complaint, Defendant JAF RESTAURANT GROUP LLC. is jointly and severally liable for all the violations listed in Count I of this Complaint.

23.      Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and restaurant business located within the Commercial Property, but not necessarily limited to the allegations in Count I of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and restaurant business within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and restaurant business within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and restaurant business located within the Commercial Property, but to assure himself that the

Commercial Property, and restaurant business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and restaurant business located within the Commercial Property without fear of discrimination.

24.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and restaurant business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I**
**AS TO DEFENDANT (LANDLORD), NEW ERA, INC. AND DEFENDANT JAF RESTAURANT GROUP LLC. (TENANT)**

25.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26.     Defendant, NEW ERA, INC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the

ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

B. Public Restrooms

i. The Plaintiff could not enter the restroom without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at the accessible restroom violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

27.    The discriminatory violations described in Count I are not an exclusive list of the Defendant's ADA violations.   Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and restaurant business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

28.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public

accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32.     Notice to Defendants is not required as a result of the Defendant's failure to cure

the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

33.       Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 5605 SW 137th Avenue, Miami, Florida, the exterior areas, and the common exterior areas of the Commercial Property and restaurant business located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 30, 2019

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                     aquezada@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713